**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:

CASE NO. 26-51414-KMS

JONATHAN RICARDO HILL and
LAWANDA LANETTE TAYLOR,
Debtors.

CHAPTER 13

# AMENDED OBJECTION OF FTL FINANCE TO CONFIRMATION OF CHAPTER 13 PLAN

FTL Finance, a division of FTL Capital Partners, LLC ("FTL"), a secured creditor and party in interest, by and through its undersigned counsel, objects to confirmation of the Chapter 13 Plan and Motions for Valuation and Lien Avoidance filed by Jonathan Ricardo Hill and Lawanda Lanette Taylor (the "Debtors") on August 27, 2026 [Dkt. 2] (the "Plan"). In support, FTL states as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On or about June 16, 2025, Debtor Lawanda Lanette Taylor (identified in the contract as LaWanda Taylor) executed a Finance Lease Contract, Account No. 2476820 (the "Contract"), with FTL to finance the purchase and installation of HVAC equipment at her residence, 29 Ferncrest Loop, Petal, Mississippi 39465 (the "Property").

3. FTL advanced $6,500.00 directly to the installing contractor, First Call Heating & Cooling LLC, to pay for the equipment and its installation. The Contract provides for 120 monthly payments of $134.30 at an annual percentage rate of 21.99%, for a total of payments of $16,115.58.

4. On June 18, 2025, Ms. Taylor executed a Completion Certificate identifying the financed equipment as (a) a Goodman gas furnace, Model No. GR9S800603AN, Serial No. 2506033002, and (b) a Goodman coil, Model No. CAPTA2422A3, Serial No. 2505253223 (together, the "Collateral"). In the Completion Certificate, Ms. Taylor certified that the Collateral was installed free from defects, authorized release of FTL's funds to the contractor, and acknowledged that she "will be solely responsible for repaying the loan."

5. Although styled a lease, the Contract is non-cancelable by the lessee, obligates the lessee to purchase the Collateral at the end of the term for a buyout amount of $1.00, and requires FTL to transfer ownership upon payment in full. The Contract provides that the Collateral is personal property regardless of its attachment to real property and authorizes FTL to file financing statements, including fixture filings, to perfect its interest.

6. On June 11, 2026, FTL recorded a UCC Financing Statement in the land records of Forrest County, Mississippi, at Book 2640, Page 391, Instrument No. 890872, describing the Collateral and the Property.

7. The Debtors filed their joint Chapter 13 petition on August 27, 2026. As of the petition date, the unpaid balance owed to FTL under the Contract was not less than $7,257.80. FTL filed its Proof of Claim as a secured creditor on September 17, 2026, and attached the Contract, the Completion Certificate and UCC financing statement. The Proof of Claim is incorporated by this reference.

8. The Plan does not list FTL as a secured creditor in any part of Part 3. The Plan does not propose to surrender the Collateral to FTL. As a result, FTL's claim falls into the class of nonpriority unsecured claims under Part 5, which the Plan proposes to pay 0%, with an estimated distribution of $0.00. The Plan also rejects all executory contracts and unexpired leases not expressly assumed, and it assumes none.

## OBJECTIONS

### A. The Plan Fails to Provide for FTL's Secured Claim as Required by 11 U.S.C. § 1325(a)(5).

9. Whether a transaction labeled a lease creates a security interest is governed by state law. Under Miss. Code Ann. § 75-1-203(b), a transaction in the form of a lease creates a security interest if the consideration the lessee pays for the right to possess and use the goods is an obligation for the term that is not subject to termination by the lessee, and the lessee is bound to become the owner of the goods or has an option to become the owner for nominal additional consideration. The Contract satisfies both tests: it cannot be cancelled by the lessee, and the lessee "will purchase the Equipment at the end of the Lease term" for $1.00. The Contract therefore creates a security interest in the Collateral in favor of FTL.

10. FTL's security interest is a purchase-money security interest under Miss. Code Ann. § 75-9-103 because FTL gave value that enabled the Debtor to acquire rights in the Collateral, and those funds were in fact paid directly to the contractor that supplied and installed it.

11. FTL's security interest is perfected. The Collateral is household equipment purchased for use in the Debtors' residence and therefore constitutes consumer goods. A purchase-money security interest in consumer goods is perfected upon attachment without the filing of a financing statement. Miss. Code Ann. § 75-9-309(1). FTL's interest attached and was perfected

no later than June 18, 2025. FTL's recorded Financing Statement provides additional notice of its interest.

12. With respect to each allowed secured claim, a Chapter 13 plan may be confirmed only if (a) the holder accepts the plan, (b) the plan provides that the holder retains its lien and receives property of a value, as of the effective date of the plan, not less than the allowed amount of the secured claim, or (c) the debtor surrenders the collateral to the holder. 11 U.S.C. § 1325(a)(5). FTL has not accepted the Plan. The Plan neither provides for FTL to retain its lien and be paid the value of its secured claim nor surrenders the Collateral. Instead, the Plan treats FTL as wholly unsecured and pays it nothing while the Debtors retain the Collateral. The Plan therefore cannot be confirmed.

**B. The Plan Does Not Properly Seek to Value FTL's Collateral.**

13. The Plan contains no motion under Bankruptcy Rule 3012 and 11 U.S.C. § 506(a) to value the Collateral, and it does not list FTL in Section 3.2. A secured creditor's lien and secured status cannot be eliminated by omitting the creditor from the plan's secured-claim provisions. To the extent the Debtors seek to modify FTL's claim, they must do so through a proper valuation, and the Collateral must be valued at its replacement value. *Associates Commercial Corp. v. Rash*, 520 U.S. 953 (1997). FTL disputes any valuation of the Collateral below the amount of its claim and reserves the right to present evidence of value.

14. FTL is entitled to retain its lien until the earlier of payment of the underlying debt determined under nonbankruptcy law or discharge under 11 U.S.C. § 1328, 11 U.S.C. § 1325(a)(5)(B)(i), and to receive interest on its allowed secured claim at an appropriate rate under *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004). The Plan provides that, unless otherwise ordered,

the applicable interest rate is the current *Till* rate in this District; FTL requests that, at a minimum, its allowed secured claim be paid with interest at that rate through the Plan.

**C. The Plan Fails to Provide Adequate Protection Payments to FTL.**

15. Under 11 U.S.C. § 1326(a)(1)(C), a debtor must make pre-confirmation adequate protection payments directly to a creditor holding an allowed claim secured by personal property, to the extent the claim is attributable to the purchase of that property. FTL's claim is attributable to the purchase of the Collateral, which the Contract expressly treats as personal property. The Plan provides no adequate protection to FTL, and the Collateral continues to depreciate while the Debtors use it. FTL requests that the Debtors be required to make adequate protection payments to FTL pending confirmation and that any confirmed plan provide for such payments.

**D. The Plan Has Not Been Proposed in Good Faith.**

16. A plan may be confirmed only if it has been proposed in good faith. 11 U.S.C. § 1325(a)(3). Approximately fourteen months before the petition date, Ms. Taylor obtained financing from FTL for a new furnace and coil installed in the Debtors' home, certified that the work was complete and free of defects, and acknowledged her sole responsibility for repayment. The Plan nevertheless proposes that the Debtors keep and use the Collateral while FTL receives no distribution and its lien is disregarded. This treatment is inconsistent with the good-faith requirement of § 1325(a)(3).

**E. Alternatively, If the Contract Is a True Lease, the Debtors May Not Retain the Collateral.**

17. In the alternative, and without waiving its position that the Contract creates a security interest, if the Contract is determined to be a true lease, the Plan rejects it under Part 6. Upon rejection, the Debtors have no right to retain possession of the Collateral, and FTL is entitled

to its return. The Plan improperly permits the Debtors to keep the Collateral while rejecting the Contract. FTL reserves the right to seek relief from the automatic stay under 11 U.S.C. § 362(d), and from the co-debtor stay under 11 U.S.C. § 1301 to the extent applicable, to recover the Collateral.

## RESERVATION OF RIGHTS

18. FTL reserves the right to supplement or amend this Objection, to object to any amended plan, to seek relief from the automatic stay, and to assert any other rights and remedies available under the Contract and applicable law. Nothing in this Objection is a waiver of FTL's rights, including its rights in and to the Collateral.

WHEREFORE, FTL Finance, a division of FTL Capital Partners, LLC, respectfully requests that the Court (a) deny confirmation of the Plan as proposed; (b) require that any amended plan treat FTL's claim as a secured claim under 11 U.S.C. § 1325(a)(5), with FTL retaining its lien and receiving payment of the full value of its allowed secured claim with interest at not less than the applicable Till rate; (c) require the Debtors to make adequate protection payments to FTL under 11 U.S.C. § 1326(a)(1)(C); (d) alternatively, if the Contract is found to be a true lease, require that the Collateral be surrendered to FTL; and (e) grant FTL such other and further relief as the Court deems just and proper.

Dated: **October 27, 2026**

Respectfully submitted,

FTL FINANCE, a division of FTL CAPITAL PARTNERS, LLC

By: */s /Michael McCormick*

Michael McCormick
Mississippi Bar No. 10630
McCalla Raymer Leibert Pierce, LLP
1544 Old Alabama Road
Roswell, GA 30076
678-281-3918
Michael.McCormick@mccalla.com
*Attorney for FTL Capital Partners, LLC*

## CERTIFICATE OF SERVICE

I certify that on **October 27, 2026**, I electronically filed the foregoing Objection with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all registered participants, including counsel for the Debtors, Thomas C. Rollins, Jr., The Rollins Law Firm, P.O. Box 13767, Jackson, Mississippi 39236 (trollins@therollinsfirm.com), and the Chapter 13 Trustee, David Rawlings (ecfnotices@rawlings13.net). I further certify that I served a copy by United States mail, first-class postage prepaid, on the Debtors, Jonathan Ricardo Hill and Lawanda Lanette Taylor, 29 Ferncrest Loop, Petal, Mississippi 39465.

BY: */s/Michael McCormick*

Michael McCormick
Mississippi Bar No. 10630
McCalla Raymer Leibert Pierce, LLP
1544 Old Alabama Road
Roswell, GA 30076
678-281-3918
Michael.McCormick@mccalla.com
*Attorney for FTL Capital Partners, LLC*